UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**RYAN DAVID NEWTON**                                                                 **PLAINTIFF**

**v.**                                                             **CIVIL ACTION NO. 3:24-CV-P87-JHM**

**WHITNEY STICH LAIRSON**                                                **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Ryan David Newton filed the instant *pro se* action. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e). For the following reasons, the action will be dismissed.

**I.**

Plaintiff, an inmate currently housed at the Louisville Metro Department of Corrections in Louisville, Kentucky, filed the complaint on a 42 U.S.C. § 1983 complaint form. Plaintiff sues Whitney Stich Lairson, his ex-wife. The summons Plaintiff provided for Ms. Lairson indicates that she lives in Louisville, Kentucky.

Plaintiff accuses Ms. Lairson of slander and the intentional infliction of emotional distress. He also states that she committed "felonious perjury" and has caused frivolous emergency protective orders and domestic violence orders to be entered against him by the Jefferson County Circuit Family Court. He also alleges that she provided false testimony during custody hearings. Plaintiff states that Ms. Lairson obtained the "frivolous protective order in bad faith by criminal means with the intent to abuse the relief she received by not allowing me to see my children until an inequitable property settlement was reached in her favor. . . ." Plaintiff continues, " I request that my grievances . . . be solved at the federal level due to the blatant oversight or corruption at

the state and local levels of government. . . ." Plaintiff alleges that he is a "defamed God fearing Christian Dad" and has not had any contact with his children in over two years.

As relief, Plaintiff seeks compensatory and punitive damages as well as the restoration of his "parental custodial rights" and that the voiding of six domestic violence orders entered against him.

## II.

On review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up

unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. Abstention Doctrines

To the extent Plaintiff asks the Court to issue or modify a child custody decree, the domestic relations exception to federal jurisdiction applies. "Under the domestic relations exception federal courts are precluded from exercising jurisdiction over cases whose substance is primarily domestic relations." *Chambers v. Michigan*, 473 F. App'x 477, 478 (6th Cir. 2012). "[T]he domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). "Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court." *Firestone v. Cleveland Tr. Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981).

In addition, the *Rooker-Feldman* doctrine provides that lower federal courts are without authority to review final judgments of state courts and deprives federal district courts of jurisdiction over federal claims that are "inextricably intertwined" with state-court judgments. S*ee generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983); *Johnson v. Ohio Supreme Court*, 156 F. App'x 779 (6th Cir. 2005). As Plaintiff's allegations and requests for injunctive relief make clear, hearing the

claims presented in the complaint would require the Court to address issues inextricably intertwined with those already adjudicated in state court. The *Rooker-Feldman* doctrine, therefore, also deprives the Court of jurisdiction to hear Plaintiff's claims.

### B.  § 1983 Claims

Even if the Court had subject-matter jurisdiction over Plaintiff's § 1983 claims, the claims would be dismissed for failure to state a claim upon which relief may be granted. Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Although Plaintiff indicates that he is bringing claims against Ms. Lairson for actions she has taken in their state-court civil action, she is not a is not a state actor. "A plaintiff may not proceed under § 1983 against a private party no matter how discriminatory or wrongful the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (holding that obtaining a personal protective order (PPO) does not make a private litigant a state actor); *see also Chaplin v. Anderson*, No. 18-cv-12108, 2019 U.S. Dist. LEXIS 43738, at *7 (E.D. Mich. Feb. 13, 2019) (holding that an ex-spouse, even when acting with a divorce attorney, is not a state actor) (citing *Milgrom v. Burstein*, 374 F. Supp. 2d 523, 527 (E.D. Ky. June 28, 2005)).

Thus, Plaintiff's §1983 claims against Ms. Lairson are subject to dismissal for failure to state a claim upon which relief may be granted.

4

### C. State-Law Claims

Finally, Plaintiff also states that he is suing Ms. Lairson for slander, the intentional infliction of emotional distress, and breach of contract. These are Kentucky state-law claims, and the Court declines to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3) ("[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

### IV.

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: April 24, 2024

*[signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011